IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| THOMAS E. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 14-2932-JDT-dkv |
| | ) |
| AMY WEIRICH, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER TO MODIFY THE DOCKET,
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND
DIRECTING PLAINTIFF TO PAY THE $400 CIVIL FILING FEE

On December 3, 2014, Plaintiff, Thomas E. Mitchell, Tennessee Department of Correction ("TDOC") prisoner number 117645, who is currently confined at the Northeast Correctional Complex in Mountain City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)[1] The Defendants are identified as Shelby County District Attorney General Amy Weirich; Memphis Police Services Director Toney Armstrong;[2] Berry Hill, a paralegal in the law library at the Shelby County Criminal Justice Complex ("Jail"); B. Garner, a paralegal assistant at the law library; and Lieutenant First Name Unknown Benn.

---

[1] The Clerk is directed to MODIFY the docket to reflect Plaintiff's current address, which was obtained from the TDOC's Felony Offender Information, https://apps.tn.gov/foil-app/search.jsp.

[2] Armstrong was sued as "John Doe, Chief of Police." The Clerk is further directed to MODIFY the docket to reflect that Armstrong is a party to this action.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full filing fee of $400 required by 28 U.S.C. § 1914(a).[3] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).[4]

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir.

---

[3] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because the Court is denying leave to proceed *in forma pauperis* in this case, Plaintiff is liable for the entire $400 fee.

[4] Plaintiff did not pay the civil filing fee or file a motion for leave to proceed *in forma pauperis*. Although the Court ordinarily would direct Plaintiff to file the documents required by the PLRA, it is unnecessary to do so in this case because Plaintiff is not entitled to proceed *in forma pauperis* in this matter for the reasons stated below.

2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has previously filed three civil rights lawsuits while he was incarcerated that were dismissed for failure to state a claim or as frivolous.[5] Therefore, Plaintiff may not file any action in this district in which he proceeds *in forma pauperis* unless he demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

The complaint alleges that African Americans such as Plaintiff are being discriminated against by Defendant Weirich and the Memphis Police Department by being kept in jail when white offenders are given citations. (ECF No. 1 at PageID 2-3.) Defendant Weirich allegedly engages in racial discrimination by retrying cases that have been dismissed. (*Id.* at PageID 3.) Weirich and her staff allegedly also engage in a "waiting game" to keep African American defendants in jail while awaiting trial to induce them to plead guilty. Once the prosecutor feels that he or she has won the waiting game, the defendant will be offered a plea deal for time served. (*Id.* at PageID 4-5.) According to Plaintiff, Defendant Weirich's office has tried him on a felony burglary charge that should have been prosecuted as a misdemeanor criminal trespass. (*Id.* at PageID 5-6.) Defendants Hill and Garner allegedly failed to assist inmates at the Jail. (*Id.* at 7.) Defendant Benn is sued as the grievance supervisor. (*Id.*)

---

[5] Plaintiff previously filed *Mitchell v. Hesson*, No. 2:00-cv-02102-BBD (W.D. Tenn. Mar. 14, 2000) (dismissed as frivolous); *Mitchell v. Beaver*, No. 2:02-cv-02509-BBD (W.D. Tenn. July 31, 2002) (dismissed for failure to state a claim); and *Mitchell v. Donald*, No. 2:06-cv-02445-JPM-tmp (W.D. Tenn. Jan. 31, 2007) (dismissed as frivolous).

Plaintiff seeks an order directing the Federal Bureau of Investigation to investigate his allegations. He asks that Defendants be directed to remedy the conditions alleged in the complaint and that a monitor be appointed to supervise the remedial actions. Plaintiff also seeks money damages. (*Id.* at PageID 8.)

Plaintiff has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492-93 (6th Cir. 2012). Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot consider it on the merits unless Plaintiff first tenders the civil filing fee. Therefore, leave to proceed *in forma pauperis* is DENIED pursuant to 28 U.S.C. § 1915(g).

Plaintiff is ORDERED to remit the entire $400 civil filing fee within twenty-eight (28) days after the date of this order. Failure to do so will result in the dismissal of this action for failure to prosecute, *Alea*, 286 F.3d at 381-82, and assessment of the filing fee in a lump sum.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE