IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2932-JDT-dkv |
| | ) | |
| AMY WEIRICH, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CASE WITHOUT PREJUDICE AND
ASSESSING $400 CIVIL FILING FEE

On December 3, 2014, the Plaintiff, Thomas E. Mitchell, Tennessee Department of Correction prisoner number 117645, an inmate at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is a three-strike filer under 28 U.S.C. § 1915(g). In an order issued on April 30, 2015, the Court denied leave to proceed *in forma pauperis* because the complaint did not satisfy the imminent danger exception to § 1915(g) and directed Plaintiff to pay the $400 civil filing fee within twenty-eight days. (ECF No. 5.) The order further stated that "[f]ailure to do so will result in the dismissal of this action for failure to prosecute . . . and assessment of the filing fee in a lump sum." (*Id.* at 4 (citation omitted).)

Plaintiff did not pay the filing fee within the time specified. Instead, on June 12, 2015, almost two weeks after the expiration of the deadline, he filed a response to the order.

(ECF No. 6.) Plaintiff asked that he be allowed to pay the filing fee in installments, that the case be transferred to a state court that would be willing to accept it without prepayment of the filing fee, or that the action be stayed for twenty-five months to enable him to raise the filing fee. However, Plaintiff cannot pay the filing fee in installments because he is subject to 28 U.S.C. § 1915(g) and does not allege that he is in imminent danger of serious physical injury. In addition, a federal court is not authorized to transfer a case to state court and cannot solicit state courts to accept a case. Finally, although an extension of time to pay the filing fee might be appropriate, an extension of twenty-five months would be far too long. Therefore, Plaintiff's motion is DENIED.

Because Plaintiff has not paid the filing fee within the time specified, this case is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time a complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust account officer at Plaintiff's prison shall withdraw from Plaintiff's trust account the sum of $400 and forward that amount to the Clerk

of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust account officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
167 N. Main St., Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust account officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
167 N. Main St., Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust accounts at the NECX. The Clerk is further ORDERED to forward a copy of this order to the Warden of the NECX to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. §§ 1915(a)-(b) pertaining to the payment of filing fees.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE